UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In the Matter of the Extradition of<br><br>Allan Mann a/k/a Hailee Randolph DeSouza a/k/a<br>Hailee DeSouza a/k/a Hailee DeSousa | )<br>)   Misc. No. 3:19mc136   (RMS)<br>)<br>) |

COMPLAINT FOR PROVISIONAL ARREST
WITH A VIEW TOWARD EXTRADITION
(18 U.S.C. § 3184)

I, Sarah P. Karwan, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1.  In this matter, I represent the United States in fulfilling its treaty obligations to Canada.

2.  There is an extradition treaty in force between the United States and Canada, the Treaty on Extradition Between the United States of America and Canada, U.S.-Can., Dec. 3, 1971, 27 U.S.T. 983, *as amended by* the Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 11, 1988, S. TREATY DOC. NO. 101-17 (1990), *and* the Second Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 12, 2001, S. TREATY DOC. NO. 107-11 (2002) (collectively, the "Treaty," and annexed hereto as Exhibit 1).

3.  The Treaty provides in Article 11 for the provisional arrest and detention of alleged fugitives pending the submission of a formal request for extradition and supporting documents.

4.  In accordance with Article 11 of the Treaty, the Government of Canada has asked the United States to provisionally arrest Allan Mann a/k/a Hailee Randolph DeSouza a/k/a Hailee DeSouza a/k/a Hailee DeSousa ("Mann") with a view toward his extradition.

5.  According to the information the Government of Canada has provided, Mann was charged with abduction in contravention of a custody order, in violation of section 282 of the

Criminal Code of Canada.

6. Mann is alleged to have committed this offense within the jurisdiction of Canada. On September 25, 2019, Justice of the Peace Di Lorenzo at Toronto, Canada, issued a replacement warrant for Mann's arrest, on the basis of the following facts:

    a. On June 24, 1987, an individual known to me with initials L.M. ("LM") reported to police that her 21-month-old son, JM ("JM"), was missing. She stated that Mann was JM's father, and that she and Mann had been separated for approximately 15 months. On April 13, 1987, the Supreme Court of Ontario, at Toronto, had issued a custody order establishing that LM had custody of JM. The order further stipulated that Mann had access to JM (1) every second weekend of the month, beginning April 24, 1987, from Friday evening to Sunday evening; and (2) for two weeks during the summer upon written notice to LM two months in advance.

    b. On Friday evening, June 19, 1987, Mann picked up JM at a store in Toronto in accordance with the custody order. On Sunday evening, June 21, 1987, LM waited for Mann to return JM to the same, agreed-upon location. However, Mann never arrived with JM, and LM waited for several hours in vain before reporting the incident to police. On June 24, 1987, LM and the police went to Mann's home, but Mann was gone.

    c. In 2018, 31 years after Mann disappeared with JM, the Missing Children Society informed LM that it had found JM. LM flew to the United States and was reunited with JM on October 26, 2018, whereupon she learned that (1) Mann had lied to JM by telling him that LM was dead, (2) Mann and JM had been living under false names and dates of birth, and (3) Mann had been arrested in the United States.[1]

---

[1] *See United States v. Mann*, No. 3:18-cr-279-JCH (D. Conn.), Dkt. No. 5. On August 22, 2019, Mann pleaded guilty to one count of making a false statement, in violation of 18 U.S.C. § 1001.

d.  U.S. authorities informed Canadian law enforcement that on or about June 19, 1987, Mann had entered the United States. Mann changed his and JM's names, and obtained false birth certificates for both of them.

7. Article 2 of the Treaty covers the offense with which Mann is charged in Canada.

8. Mann may be found within the jurisdiction of this Court, in the Richard C. Lee United States Court House, 141 Church Street, New Haven, CT, in connection with the ongoing proceedings in *United States v. Mann*, No. 3:18-cr-279-JCH (D. Conn.).

9. The Government of Canada has represented that it will submit a formal request for extradition, supported by the documents the Treaty specifies, within the time the Treaty requires.

WHEREFORE, the undersigned requests that a warrant for the arrest of the aforenamed person be issued in accordance with 18 U.S.C. § 3184 and the Treaty.

_____
Sarah P. Karwan
Assistant United States Attorney

Sworn to before me and subscribed in my presence this 13th day of November, 2019 at New Haven, Connecticut.

/s/

Robert M. Spector
United States Magistrate Judge

---

His sentencing hearing is scheduled for November 14, 2019. In his Memorandum in Aid of Sentencing, Mann acknowledged that he is also "facing the charge of Parental Child Abduction in Canada." *Id.*, Dkt. No. 57 at 4.